IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DEVON NEWTON,                             :
    Plaintiff,                            :
                                          :
    v.                                    :        CIVIL ACTION NO. 25-CV-5049
                                          :
P.I.C.C., PHILADELPHIA                    :
INDUSTRIAL CORRECTIONAL                   :
CENTER, *et al.*,                         :
    Defendants.                           :

**MEMORANDUM**

**MARSTON, J.**                                                    **May 8, 2026**

Devon Newton filed this civil action against Philadelphia Industrial Correctional Center ("PICC") and several unnamed PICC employees.[1]  Newton also seeks leave to proceed *in forma pauperis*.  For the following reasons, the Court will grant Newton's application to proceed *in forma pauperis* and dismiss his Complaint in part with prejudice and in part without prejudice.  He will be given an opportunity to file an amended complaint if he can correct the deficiencies noted by the Court as to the claims dismissed without prejudice.

**I.    FACTUAL ALLEGATIONS[2]**

Newton's factual allegations are cryptic and difficult to follow.  To the extent discernible, he asserts that from 2023 to 2024, he was pepper sprayed and strip searched three times by

---

[1] The named Defendants listed in the Complaint are (1) PICC; (2) "CO Correctional Offendants/Correctional Officers/Slave Master Employee"; (3) "SGT Sargents White Collar Offendant/Slave Master Employee"; (4) "Lt. Lieutenants White Collar Offendant/Slave Master Employees"; and (5) "Captains White Collar Nations Capital Offendant/Slave Masters."  (Doc. No. 1 at 1–3.)

[2] The factual allegations set forth in this Memorandum are taken from the Complaint (Doc. No. 1), which consists of the Court's preprinted form available for prisoners to file civil rights claims as well as typewritten pages.  The Court adopts the sequential pagination supplied by the CM/ECF docketing system to the entire submission.  Punctuation, spelling, and capitalization errors in the Complaint will be cleaned up as necessary.

unspecified individuals at PICC.  (Doc. No. 1 at 5.)  He alleges the pepper spray caused "long term and short term birth defects of temporary blindness & being born blind child and shaken baby syndrome[,] [and] seizure-type side effects . . . ."  (*Id*. at 5.)  And he asserts that "prison officials . . . acted under the color white collar offendant uniform with tactics that resulted in the violation of the Plaintiff's 4th Amendment & Human Being Rights via strip search & seizure strip search search party."  (*Id*. at 4.)  Newton does not otherwise describe the circumstances of the pepper spray and strip search incidents, including who was involved, when they occurred, where they occurred at PICC, or what prompted the incidents.  (*See generally id*.)  He purports to bring claims under 42 U.S.C. § 1983 for violation of his constitutional rights.  (*Id*. at 3.)[3]  And he seeks $1.2 million in damages, plus $72,000 for "lazer eye surgery."[4]  (*Id*. at 5.)

## II.    MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

The Court will grant Newton leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.  *See* 28 U.S.C. § 1915(a) (stating that the Court may authorize the commencement of a lawsuit "without prepayment of fees or security" upon a showing that a prisoner is "unable to pay such fees or give security therefor").

## III.    SCREENING UNDER § 1915(E)

Because the Court grants Newton leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state "a claim on

---

[3] Newton also checks the box under the "Basis for Jurisdiction" section of the form complaint to indicate he is bringing a *Bivens* claim against federal officials, however, no federal officials are named in the Complaint.

[4] The Court notes that Newton appears to be re-alleging the strip search and pepper spray claims that he previously asserted and abandoned in two prior suits filed with this Court.  *See Newton v. Certified Emergency Response Team*, No. 25cv261 (E.D. Pa.); *Newton v. Phila. Industrial Corr. Ctr.*, No. 25cv913 (E.D. Pa.).

which relief may be granted." *See id.* ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—the action or appeal fails to state a claim on which relief may be granted.").

### A.    Legal Standard

In analyzing a complaint under § 1915(e)(2)(B)(ii), we use the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Newton is proceeding pro se, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* But "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.*

In that regard, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). Rule 8 requires a pleading to include a "short and plain statement showing that the pleader is entitled to relief," as

3

well as a statement of the court's jurisdiction and a demand for the relief sought.  Fed. R. Civ. P. 8(a).  In determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by [the named] defendants' in regard to the plaintiff's claims."  *Garrett*, 938 F.3d at 93 (citation omitted).  "Naturally, a pleading that is so vague or ambiguous that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8."  *Id.*  (cleaned up).  The important consideration for the Court is whether "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits."  *Id.* at 94.

### B.    Analysis

Newton's Complaint fails to satisfy Rule 8.  Based on the assertion that he was strip-searched and pepper-sprayed while at PICC, the Court understands him to allege a Fourth Amendment claim for unreasonable search and seizure and an Eighth Amendment claim for excessive use of force.[5]  The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Here, Newton's § 1983 claims fail because he has not alleged a plausible constitutional violation, nor has he alleged any Defendant's personal involvement in any purported violation or when the violations occurred.

---

[5] Newton also cites other constitutional provisions, including the Sixth and Tenth Amendments, however a "'passing reference' to jurisprudential precepts without more does not bring that issue before the Court . . . ."  *See Campbell v. LVNV Funding, LLC*, No. 21cv5388, 2022 WL 6172286, at *7 (E.D. Pa. Oct. 7, 2022) (citing *Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994)).  The Court does not discuss these claims further because they are entirely undeveloped in the Complaint.

### 1.    <u>Constitutional Violation</u>

Prisoners retain a limited Fourth Amendment right to privacy while incarcerated, and strip searches in a correctional setting are constitutional provided they are conducted in a reasonable manner.  *See Florence v. Bd. of Chosen Freeholders of Cty. of Burlington*, 621 F.3d 296, 309–11 (3d Cir. 2010), *aff'd*, 566 U.S. 318 (2012) (holding that where prison officials conduct strip searches in a reasonable manner to maintain security and to prevent the introduction of contraband or weapons in the facility, they do not violate the Fourth Amendment); *see also Bell v. Wolfish*, 441 U.S. 520, 558–59 (1979) (stating that when determining the reasonableness of a strip search, courts must balance "the need for the particular search against the invasion of personal rights that the search entails" and consider "the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted.").  Here, Newton does not explain how the particular strip searches conducted on him were unreasonable; he merely asserts that they occurred. Accordingly, he fails to allege a plausible Fourth Amendment violation.  *See Shepard v. Overmeyer*, No. 23cv268, 2024 WL 4680410, at \*7 (W.D. Pa. Nov. 5, 2024) (dismissing Fourth Amendment claim because plaintiff failed to allege how the strip search was unreasonable).

Similarly, the use of pepper spray is constitutional in the correctional setting, and therefore, does not give rise to an Eighth Amendment violation, when its use is necessary to maintain or restore order.  *See Gibson v. Flemming*, 837 F. App'x 860, 862 (3d Cir. 2020) ("The use of chemical agents to subdue recalcitrant prisoners is not cruel and unusual when reasonably necessary") (quoting *Soto v. Dickey*, 744 F.2d 1260, 1270 (7th Cir. 1984)); *see also Passmore v. Ianello*, 528 F. App'x 144, 147 (3d Cir. 2013) (explaining that the use of chemical agents is not a per se constitutional violation).  While the use of pepper spray may be excessive in certain situations, Newton fails to provide any factual allegations indicating that its use was excessive in

his case.  Accordingly, he fails to allege a plausible excessive use of force claim.  *See Passmore*, 528 F. App'x at 147; *see also Gay v. Stevens*, No. 10cv6354, 2011 WL 5276535, at *5 (D.N.J. Nov. 2, 2011) (dismissing Eighth Amendment claim where the plaintiff "failed to allege *any* facts that would demonstrate that the force was excessive under the circumstances or that the force was applied maliciously and sadistically, as opposed to in a good faith effort to restore order.  The mere assertion that force was used against a prisoner is not sufficient to state a claim for an Eighth Amendment violation") (emphasis in original).

### 2.    Personal Involvement and Timing

Further, Newton does not allege that any Defendant was personally involved in the violation of his constitutional rights.  Newton asserts that "prison officials . . . acted under the color white collar offendant uniform with tactics that resulted in the violation of the Plaintiff's 4th Amendment & Human Being Rights via strip search & seizure strip search search party." (Doc. No. 1 at 4.)  But this vague statement fails to allege what any individual Defendant specifically did to violate his rights.  *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (explaining that "all civil complaints must contain more than an unadorned, the-defendant-unlawfully-harmed-me accusation" (quotation marks omitted)); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)); *see also Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'").  For his claims to be plausible, Newton must allege sufficient facts for the court to reasonably infer that each Defendant is liable for the alleged misconduct.  *Iqbal*, 556 U.S. at 678.

Moreover, the generic way that Newton identifies the individual Defendants is insufficient to allege their personal involvement.  He refers to general groups of PICC employees

6

based on their titles (i.e., "Correctional Officers," "Sergeants," "Lieutenants," and "Captains").[6] (Doc. No. 1 at 2–3.)  But to assert a plausible claim, Newton "cannot group all prison officials together in broad-based categories . . . without articulating how each defendant was involved in the alleged violation of his rights."  *Hernandez v. Delaware County*, No. 22cv4187, 2023 WL 349254, at *3 (E.D. Pa. Jan. 20, 2023) (citing *Lawal v. McDonald*, 546 F. App'x 107, 113 (3d Cir. 2014) (concluding that the plaintiff's collective use of the word "Defendants" failed to adequately plead which specific defendant engaged in the specific conduct alleged by the plaintiff)).

Finally, Newton has not sufficiently alleged the timing of the incidents to give the Defendants fair notice of his claim.  Newton fails to allege when the incidents occurred, other than stating he was "pepper spray[ed] 3 times in 23 months" during "the months of 2023–2024." (Doc. No. 1 at 4–5); *see Smith v. Def. Distrib. Post Sec.*, No. 24cv162, 2024 WL 5695579, at *4 (M.D. Pa. July 8, 2024) (dismissing complaint under Rule 8 where plaintiff "does not describe when or where [the] alleged wrongdoing occurred"), *report and recommendation adopted*, 2024 WL 5695665 (M.D. Pa. Aug. 19, 2024).

*     *     *

Because Newton has not sufficiently alleged a constitutional violation, the participation of any individual Defendant in such violation, or even when such violation occurred, his § 1983 claims are not plausible as pleaded.

---

[6] Newton also names PICC itself as a Defendant in the caption of the Complaint but does not list the prison in the section set aside for identifying the "parties" to the lawsuit. (Doc. No. 1 at 1–3.)  To the extent Newton intended to assert constitutional claims against PICC those claims must be dismissed because a prison is not a "person" under Section 1983.  *See Miller v. Curran-Fromhold Corr. Facility*, No. 13cv7680, 2014 WL 4055846, at *2 (E.D. Pa. Aug. 13, 2014) (citing *Mitchell v. Chester Cnty. Farms Prison*, 426 F. Supp. 271 (E.D. Pa. 1976)); *Cephas v. George W. Hill Corr. Facility*, No. 09cv6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010).

## IV.    CONCLUSION

For the reasons stated, the Court will dismiss the Complaint in part with prejudice and in part without prejudice.  The claims against PICC are dismissed with prejudice.  The remaining claims are dismissed without prejudice.  To the extent Newton can allege violations of his constitutional rights, any individual Defendant's *personal* involvement, and the timing of those violations, he may file an amended complaint.  An appropriate Order with additional information about amendment will be entered separately.