IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DEVON NEWTON,                      :
    Plaintiff,                    :
                                   :
    v.                             :        **CIVIL ACTION NO. 25-CV-5049**
                                   :
**P.I.C.C., PHILADELPHIA**        :
**INDUSTRIAL CORRECTIONAL**  :
**CENTER**, *et al.*,               :
    Defendants.              :

## ORDER

**AND NOW**, this 8th day of May, 2026, upon consideration of Plaintiff Devon Newton's

Motion to Proceed *In Forma Pauperis* (Doc. No. 5), and Complaint (Doc. No. 1) it is

**ORDERED** that:

1.      Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2.      The Complaint is **DEEMED** filed.

3.      The Complaint is **DISMISSED IN PART WITH PREJUDICE AND IN PART**

**WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)

for the reasons stated in the Court's Memorandum, as follows:

    a.   Newton's claims against Philadelphia Industrial Correctional Center are

       **DISMISSED WITH PREJUDICE**.

    b.   Newton's claims against all other named Defendants are **DISMISSED**

       **WITHOUT PREJUDICE**.

4.      Newton is given thirty (30) days to file an amended complaint in the event he can

cure the defects the Court has identified in the claims dismissed without prejudice.  Any

amended complaint must identify all defendants in the caption of the amended complaint in

addition to identifying them in the body of the amended complaint and shall state the basis for Newton's claims against each defendant, and shall bear the title "Amended Complaint" and the case number 25-5049. If Newton files an amended complaint, his amended complaint must be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim. **Newton may not reassert a claim against a Defendant that has already been dismissed from this case with prejudice**. When drafting his amended complaint, Newton should be mindful of the Court's reasons for dismissing the claims in his initial Complaint as explained in the Court's Memorandum. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

5.      The Clerk of Court is **DIRECTED** to send Newton a blank copy of this Court's current standard form to be used by a self-represented litigant filing a civil action bearing the above-captioned civil action number. Newton may use this form to file his amended complaint if he chooses to do so.

6.      If Newton does not wish to amend his Complaint and instead intends to stand on his Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable

claims . . . following plaintiffs' decision not to replead those claims" when the district court

"expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the

dismissal of those claims").

7.    If Newton fails to file any response to this Order, the Court will conclude that

Newton intends to stand on his Complaint and will issue a final order dismissing this case.[1]  *See*

*Weber*, 939 F.3d at 239–40 (explaining that a plaintiff's intent to stand on his complaint may be

inferred from inaction after issuance of an order directing him to take action to cure a defective

complaint).

BY THE COURT:


/s/ Karen Spencer Marston

**KAREN SPENCER MARSTON, J.**

---

[1] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (per curiam).  Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading.  *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).